## CLEMENTS v. CASSILY et al.

Under the 5th sec. of the stat. of 20 March, 1839, amending art. 243 of the Code of Practice, it is sufficient to authorise an attachment, that the creditor should swear that he verily *believes* that the debtor resides out of the State ; it is not necessary that he should swear positively that he does so.

APPEAL from the Commercial Court of New Orleans, *Watts*, J.  *Perin*, for the appellant.  *Conklin*, for the defendants.  The judgment of the court was pronounced by

SLIDELL, J.  The court below, upon a rule taken by the defendants, dismissed the attachment issued in this cause, because the plaintiff, in his affidavit, instead of swearing positively that the defendants resided out of the State, swore that he verily believed so.  Such an affidavit would have been defective under the Code of Practice, but we think is good under the amendatory act of 1839 (p. 164), which declares " that the article 243 of the said Code be so amended that, in lieu of the oath prescribed by said article, it shall be sufficient for the creditor to swear to the existence of the debt demanded by him, and that he verily believes that the debtor has left the State permanently, or that he resides out of the State, or conceals himself, so that citation cannot be served on him." Under the Code the affidavit was required to be positive in these three cases; and as they are each enumerated in the amendment, the sufficiency of an affidavit of belief cannot be reasonably restricted to one of the enumerated cases, upon the ground of a distinction which the lawgiver has not thought proper to make, between those facts which may be affirmed with certainty, and those which, under ordinary circumstances, can only be the subject of belief.

The judgment of the court below is therefore reversed, and this cause is remanded for further proceedings according to law; the defendants paying the costs of this appeal.